JUDGE NATHAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CIV 5894

-------------------------------------------------------------------X

ECONOMY PREMIER ASSURANCE COMPANY          CIVIL ACTION NO.:

                              Plaintiff,

      -against-                                            COMPLAINT

SHAWN EZRAPOUR, as executor of the ESTATE
OF RODNEY EZRAPOUR, EMILY WOOD and
DENISE WOOD, as co-executors of the ESTATE OF
KRISTINA SUE ADAMS, CINDY ADAMS,
WILLIAM KARL ADAMS, and TOBY JOHANNES,
and JANET EZRAPOUR

                            Defendants.

-------------------------------------------------------------------X



       Plaintiff, by and through its attorneys, Congdon, Flaherty, O'Callaghan, Reid, Donlon,

Travis & Fishlinger, as and for its Complaint seeking a judgment declaring the legal rights,

duties and obligations of the parties to this Action, allege as follows:

## THE NATURE OF THIS ACTION

1.    ECONOMY   PREMIER   ASSURANCE   COMPANY   (hereinafter   "ECONOMY

PREMIER") seeks a judicial determination that it has no obligation to defend and

indemnify SHAWN EZRAPOUR, as executor of the ESTATE OF RODNEY

EZRAPOUR (hereinafter "ESTATE OF RODNEY EZRAPOUR") in connection with an

action entitled *Emily Wood and Denise Wood, as co-executors of the Estate of Kristina*

*Sue Adams, Cindy Adams, William Karl Adams, and Toby Johannes v. Shawn Ezrapour,*

*as executor of the Estate of Rodney Ezrapour* filed in the Court of Common Pleas of Pike

County Pennsylvania ("*Wood* Complaint" or "*Wood* Action").

-1-

2.    This declaratory judgment action is based upon the terms, conditions, provisions and exclusions of ECONOMY PREMIER Policy no. 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-0 issued to JANET EZRAPOUR (hereinafter "ECONOMY PREMIER Policy").

**THE PARTIES**

3.    ECONOMY PREMIER was and remains a foreign insurance company duly organized and existing under and by virtue of the laws of the Rhode Island and having its principal place of business located in Warwick, Rhode Island.

4.    ECONOMY PREMIER is incorporated in the State of Rhode Island and is a citizen of Rhode Island pursuant to 28 U.S.C. §1332 (c)(1).

5.    Defendant SHAWN EZRAPOUR is the duly appointed executor of the ESTATE OF RODNEY EZRAPOUR, with an address of 400 East 56th Street, Apt. 39P, New York, N.Y. 10022.

6.    Defendant EMILY WOOD is the duly appointed co-executor of the ESTATE OF KRISTINA SUE ADAMS, deceased, with an address of 24 Woodhill Drive, Damascus, Pa 18415.

7.    Defendant DENISE WOOD is the duly appointed co-executor of the ESTATE OF KRISTINA SUE ADAMS, deceased, with an address of 24 Woodhill Drive, Damascus, Pa 18415.

8.    Upon information and belief, defendant CINDY ADAMS was and still is a citizen of New York residing at 586 River Road Callicoon, New York, 12723.

9.    Upon information and belief, defendant WILLIAM KARL ADAMS was and still is a citizen of Pennsylvania residing at 40 Ellison Road, Tyler Hill, Pa 18469.

10. Upon information and belief, defendant TOBY JOHANNES was and still is a citizen of Pennsylvania residing at 72 Old Road, Damascus, Pa 18415.

11. Upon information and belief, defendant JANET EZRAPOUR was and still is a citizen of New York residing at 400 E 56th Street, Apartment O&P, New York, NY 10022.

12. Defendants EMILY WOOD, DENISE WOOD, CINDY ADAMS, KRISTINA SUE ADAMS and TOBY JOHANNES have been joined because their rights may be affected by the determination of this Action.

## JURISDICTION AND VENUE

13. This action is filed under and pursuant to the federal Declaratory Judgment Act, 28 U.S.C.§2201.

14. An actual controversy of a justiciable nature exists between the parties as to whether coverage should be afforded under ECONOMY PREMIER Policy no. 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-0.

15. Jurisdiction of this Court over this action is invoked pursuant to 28 U.S.C. § 1332(a)(1). The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000).

16. There is complete diversity of citizenship between plaintiff and the defendants.

17. Venue in this District is proper under 28 U.S.C. § 1391 (b) (3) in that SHAWN EZRAPOUR as executor of the ESTATE OF RODNEY EZRAPOUR and JANET EZRAPOUR are subject to the court's personal jurisdiction .

18. ECONOMY PREMIER is therefore entitled to bring this action in this Court.

## THE UNDERLYING WOOD ACTION

19.    The *Wood* Action was commenced in the Court of Common Pleas of Pike County Pennsylvania on or about May 14, 2013. (A copy of the complaint in the *Wood* Action is annexed hereto as Exhibit "A.")

20.    The *Wood* Complaint seeks to recover for the wrongful death of KRISTINA SUE ADAMS and bodily injuries sustained by TOBY JOHANNES when they were shot by Rodney Ezrapour.

## THE ECONOMY PREMIER INSURANCE POLICY

21.    JANET EZRAPOUR was the insured on ECONOMY PREMIER Policy 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-0, which was effective 04/24/2012-04/24/2013.

22.    The ECONOMY PREMIER Policy provides coverage for JANET EZRAPOUR and her spouse "if a resident of the same household."

23.    Under Coverage F – Personal Liability, the ECONOMY PREMIER Policy provides coverage for "bodily injury . . . to others for which the law holds you responsible because of an occurrence to which this coverage applies."

24.,    Coverage F is subject to a number of policy exclusions, including the "Intentional Loss" exclusion, which bars coverage for: "bodily injury . . . which is reasonably expected or intended by you or which is the result of your intentional and criminal acts or omissions"

25.    The ECONOMY PREMIER Policy imposes certain obligations on the insured, including the duty to cooperate in an investigation, including attendance at hearings and assisting in "collecting and giving evidence and obtaining the attendance of witnesses."

## AS AND FOR A FIRST CAUSE OF ACTION

26.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "25" as if set forth more fully herein.

27.   The *Wood* Complaint does not allege an "occurrence".

28.   Since no "occurrence" is alleged, ECONOMY PREMIER has no obligation under the ECONOMY PREMIER Policy to defend the ESTATE OF RODNEY EZRAPOUR in the *Wood* Action.

29.   The defendant ESTATE OF RODNEY EZRAPOUR has compelled the Plaintiff to institute the within Action to obtain a declaration of its rights under the ECONOMY PREMIER Policy.

30.   An actual controversy exists between the parties, requiring adjudication by this Court pursuant to N.Y. CPLR 3001.

31.   Plaintiff has no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION

32.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "31" as if set forth more fully herein.

33.   Since no "occurrence" is alleged, ECONOMY PREMIER has no obligation under the ECONOMY PREMIER Policy to indemnify the ESTATE OF RODNEY EZRAPOUR in the *Wood* Action.

34.   The defendant ESTATE OF RODNEY EZRAPOUR has compelled the Plaintiff to institute the within Action to obtain a declaration of its rights under the ECONOMY PREMIER Policy.

35. An actual controversy exists between the parties, requiring adjudication by this Court pursuant to N.Y. CPLR 3001.

36. Plaintiff has no adequate remedy at law.

## AS AND FOR A THIRD CAUSE OF ACTION

37. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "36" as if set forth more fully herein.

38. The ECONOMY PREMIER Policy has an exclusion for Intentional Loss (hereinafter "Intentional Loss Exclusion"), which provides:

> **Intentional Loss.** We do not cover bodily injury or property damage which is reasonably expected or intended by you or which is the result of your intentional and criminal acts or omissions.

39. The allegations in the *Wood* Action fall wholly within the scope of the Intentional Loss Exclusion.

40. Since the allegations in the *Wood* Action fall wholly within the scope of the exclusionary language of the ECONOMY PREMIER Policy, ECONOMY PREMIER has no obligation to defend the ESTATE OF RODNEY EZRAPOUR in the *Wood* Action.

41. The defendant ESTATE OF RODNEY EZRAPOUR as executor has compelled the Plaintiff to institute the within Action to obtain a declaration of their respective rights.

42. An actual controversy exists between the parties, requiring adjudication by this Court pursuant to N.Y. CPLR 3001.

43. That Plaintiff has no adequate remedy at law.

## AS AND FOR A FOURTH CAUSE OF ACTION

44.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1"

through "43" as if set forth more fully herein.

45.     The allegations in the *Wood* Action fall wholly within the scope of the Intentional Loss

Exclusion.

46.     Since the allegations in the *Wood* Action fall wholly within the scope of the exclusionary

language of the ECONOMY PREMIER Policy, ECONOMY PREMIER has no

obligation to indemnify ESTATE OF RODNEY EZRAPOUR in the *Wood* Action.

47.     The defendant ESTATE OF RODNEY EZRAPOUR as executor has compelled the

Plaintiff to institute the within Action to obtain a declaration of their respective rights.

48.     That an actual controversy exists between the parties, requiring adjudication by this Court

pursuant to N.Y. CPLR 3001.

49.     That Plaintiff has no adequate remedy at law.

## AS AND FOR A FIFTH CAUSE OF ACTION

50.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1"

through "49" as if set forth more fully herein.

51.     At the time of the incident, Rodney Ezrapour was not a resident of the same household as

JANET EZRAPOUR, the insured under the ECONOMY PREMIER Policy.

52.     Since Rodney Ezrapour was not a resident of the same household as JANET

EZRAPOUR, he was not an insured under the ECONOMY PREMIER Policy and no

coverage exists under the ECONOMY PREMIER Policy for the *Wood* Action.

53. By reason of the foregoing, ECONOMY PREMIER has no duty to defend and indemnify the ESTATE OF RODNEY EZRAPOUR with respect to the *Wood* Action.

54. An actual controversy exists between the parties, requiring adjudication by this Court.

55. Plaintiff has no adequate remedy at law.

## AS AND FOR A SIXTH CAUSE OF ACTION

56. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "55" as if set forth more fully herein.

57. As the insured under the ECONOMY PREMIER Policy, JANET EZRAPOUR, had a duty to cooperate with ECONOMY PREMIER in its investigation of claims.

58. JANET EZRAPOUR's duty to cooperate included the duty to appear and answer questions at an examination under oath.

59. JANET EZRAPOUR refused to appear for an examination under oath.

60. By reason of the foregoing, ECONOMY PREMIER has no duty to defend and indemnify the ESTATE OF RODNEY EZRAPOUR with respect to the *Wood* Action.

61. An actual controversy exists between the parties, requiring adjudication by this Court.

62. Plaintiff has no adequate remedy at law.


WHEREFORE, the plaintiff, ECONOMY PREMIER requests that a declaratory judgment be made and entered herein, adjudging and declaring that TUDOR is not obligated to defend and indemnify SHAWN EZRAPOUR, as executor of the ESTATE OF RODNEY EZRAPOUR under the ECONOMY PREMIER in connection with the *Wood* Action, together with such other and further relief as this Court may deem just and proper.

Dated: Uniondale, NY
      August 15, 2013

                        Yours, etc,

                        CONGDON, FLAHERTY, O'CALLAGHAN, REID,
                        DONLON, TRAVIS & FISHLINGER,

                        BY: _____
                              RICHARD J. NICOLELLO (RN 4619)
                        Attorneys for Plaintiff
                        333 Earle Ovington Blvd. – Suite 502
                        Uniondale, NY  11533
                        (516)  542-5900

Exhibit A

IN THE COURT OF COMMON PLEAS OF
PIKE COUNTY, PENNSYLVANIA

EMILY WOOD and DENISE WOOD, as            :
co-executors of the ESTATE OF KRISTINA    :      No.: 767 -cv-2013
SUE ADAMS, CINDY ADAMS, WILLIAM KARL      :
ADAMS, and TOBY JOHANNES,                 :
                                          :
            Plaintiffs,                    :
                                          :
      v.                                  :
                                          :      CIVIL ACTION
SHAWN EZRAPOUR, as executor of the        :
ESTATE OF RODNEY EZRAPOUR,                 :      JURY TRIAL DEMANDED
                                          :
            Defendant.                     :

---

## NOTICE

You have been sued in court. If you wish to defend against the
claims set forth in the following pages, you must take action within
twenty (20) days after this complaint and notice are served, by
entering a written appearance personally or by attorney and filing in
writing with the court your defenses or objections to the claims set
forth against you. You are warned that if you fail to do so the case
may proceed without you and a judgment may be entered against you by
the court without further notice for any money claimed in the
complaint of for any other claim or relief requested by the plaintiff.
You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT
HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW THIS
OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO
PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL
SERVICES TO ELIGIBLE PERSONS AT A REDUCED OR NO FEE.

North Penn Legal Services
10 North 10th Street
Stroudsburg, PA 18630
(570) 424-5338

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____ Pike _____ County

| For Prothonotary Use Only: |
|---|
| Docket No: 762-2013-cv |

This information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

**S E C T I O N   A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

**Lead Plaintiff's Name:** Emily Wood, etal.

**Lead Defendant's Name:** Shawn Ezrapour

Are money damages requested? ☒ Yes ☐ No

Dollar Amount Requested: ☐ within arbitration limits
(check one) ☒ outside arbitration limits

Is this a *Class Action Suit*? ☐ Yes ☒ No

Is this an *MDJ Appeal*? ☐ Yes ☒ No

**Name of Plaintiff/Appellant's Attorney:** Jason R. Ohliger, Esq.

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

---

**Nature of the Case:** Place an "X" to the left of the ONE case category that most accurately describes your PRIMARY CASE. If you are making more than one type of claim, check the one that you consider most important.

**S E C T I O N   B**

### TORT (do not include Mass Tort)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (does not include mass tort)
- ☐ Slander/Libel/Defamation
- ☒ Other:
  assault/negligence

### MASS TORT
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:
  _____
  _____

### PROFESSIONAL LIABILITY
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:
  _____

### CONTRACT (do not include Judgments)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
  _____
  _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
  _____
  _____
- ☐ Other:
  _____
  _____

### REAL PROPERTY
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:
  _____
  _____

### CIVIL APPEALS
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
  _____
  _____
- ☐ Zoning Board
- ☐ Other:
  _____

### MISCELLANEOUS
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:
  _____

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS OF
PIKE COUNTY, PENNSYLVANIA

EMILY WOOD and DENISE WOOD, as          :
co-executors of the ESTATE OF KRISTINA  :     No. 767-cv-2013
SUE ADAMS, CINDY ADAMS, WILLIAM KARL    :
ADAMS, and TOBY JOHANNES,               :

                 Plaintiffs,            :

           v.                           :

SHAWN EZRAPOUR, as executor of the      :     CIVIL ACTION
ESTATE OF RODNEY EZRAPOUR,              :
                                        :     JURY TRIAL DEMANDED
                 Defendant.            :

---

COMPLAINT

AND NOW COMES FORTH Plaintiffs EMILY WOOD and DENISE WOOD,

as co-executors of the ESTATE OF KRISTINA SUE ADAMS, CINDY ADAMS,

and WILLIAM KARL ADAMS, by and through their counsel, LAW OFFICE

OF CHARLES KANNEBECKER, and TOBY JOHANNES by and through his

counsel, HOWELL, HOWELL & KRAUSE, and complain of Defendant and

the ESTATE OF RODNEY EZRAPOUR as follows:

1.  Plaintiff EMILY WOOD is the duly appointed co-executor

of the ESTATE OF KRISTINA SUE ADAMS, deceased, with an address of

24 Woodhill Drive, Damascus, PA 18415.

2.  Plaintiff DENISE WOOD is the duly appointed co-executor

of the ESTATE OF KRISTINA SUE ADAMS, deceased, with an address of

24 Woodhill Drive, Damascus, PA 18415.

3.  Plaintiff CINDY ADAMS is an adult individual, *sui juris*,

and the natural parent of Plaintiff's decedent KRISTINA SUE ADAMS

with an address of 586 River Road, Callicoon, NY 12723.

4. Plaintiff WILLIAM KARL ADAMS is an adult individual, *sui juris*, and the natural parent of Plaintiff's decedent, KRISTINA SUE ADAMS with an address of 40 Ellison Road, Tyler Hill, PA 18469.

5. Plaintiff TOBY JOHANNES is an adult individual, *sui juris*, with an address of 72 Old Road, Damascus, PA 18415.

6. Defendant SHAWN EZRAPOUR is the duly appointed executor of the ESTATE OF RODNEY EZRAPOUR, Deceased, with an address of 400 East 56 Street, Apt. 39P, New York, NY 10022.

7. These actions are based on the wrongful death provisions of the Judicial Code, 42 Pa. Con. Stat. Ann., §§ 8301 and 5524(2), and the Pennsylvania Probate Estates and Fiduciary Code, Act of June 30, 1972, P.L. 508, 20 Pa. Con. Stat. Ann. § 3373 and the survival provisions of the Judicial Code 42 Pa. Con. Stat. Ann., § 8302.

8. Plaintiffs are asserting wrongful death claims against Defendant SHAWN EZRAPOUR, as Administrator of the ESTATE OF RODNEY EZRAPOUR.

9. Said decedent did not bring an action, and no action was brought against the Defendant during the lifetime of the decedent for the injuries which resulted in death, and no action for the wrongful death of the said decedent has been commenced against the Defendants on account of the grievances hereinafter set forth.

10.   The action for the wrongful death of Plaintiff's decedent is brought on behalf of:

    (a)   Cindy Adams (Decedent's Mother),586 River Road, Callicoon, NY 12723; and

    (b)   William Karl Adams (Decedent's Father),40 Ellison Road, Tyler Hill, PA 18469.

11.   Plaintiffs CINDY ADAMS and WILLIAM KARL ADAMS assert a survival action against Defendant SHAWN EZRAPOUR, as executor of the ESTATE OF RODNEY EZRAPOUR.

12.   On or about August 20, 2012, Defendant's decedent RODNEY EZRAPOUR armed himself with a shotgun and concealed himself within the home of Plaintiff's decedent.

13.   RODNEY EZRAPOUR intended to and did then proceeded to shoot Plaintiff's decedent.

14.   In the course of shooting Plaintiff's decedent, a shot from RODNEY EZRAPOUR's weapon struck Plaintiff JOHANNES; RODNEY EZRAPOUR then turned the gun on himself and committed suicide.

15. As a result of the foregoing shooting incident, Plaintiff's decedent was fatally wounded and Plaintiff Johannes sustained personal injuries.

16. The aforesaid actions of Defendant's decedent were outrageous and shocked the conscience, specifically in that they were premeditated and designed to retaliate against Plaintiff CINDY ADAMS.

17. Decedent KRISTINA SUE ADAMS' death, and other damages to her and her estate as set forth herein, were the result of Defendant's decedent's intentional, malicious, knowing, reckless, negligent, and/or careless actions set forth herein.

18. Plaintiff JOHANNES' injuries, and other damages set forth herein, were the result of Defendant's decedent's reckless, negligent, and/or careless actions in carrying out his plot to harm or kill KRISTINA SUE ADAMS as set forth herein.

19. The actions of Defendant's decedent leading to the death of KRISTINA SUE ADAMS, along with the resulting injuries and damages to her and her Estate, included the following:

(a) Intentionally, knowingly, and maliciously shooting Plaintiff's decedent with a shotgun;

(b) Endangering Plaintiff's decedent and Plaintiff JOHANNES in a reckless manner, knowingly disregarding their lives and safety by discharging a shotgun within the subject residence;

(c) Endangering Plaintiff's decedent and Plaintiff JOHANNES in a negligent and/or careless manner, while discharging a shotgun within the subject residence; and

(d) Doing the aforesaid acts in furtherance of a premeditated, cruel, and heinous plot designed and intended to constitute retaliation against Plaintiff CINDY ADAMS.

20.  As a result of the aforesaid actions of Defendant's decedent, KRISTINA SUE ADAMS sustained painful, severe, and fatal injuries, which further include knowledge and anticipation of her own imminent death.

21.  As a result of the aforesaid actions of Defendant's decedent, Plaintiff TOBY JOHANNES sustained painful and severe injuries, which include but are not limited to a gunshot wound to the arm.

## COUNT I

### CINDY ADAMS AND WILLIAM KARL ADAMS v. SHAWN EZRAPOUR, AS EXECUTOR OF THE ESTATE OF RODNEY EZRAPOUR

22. Plaintiffs hereby incorporate the foregoing paragraphs of this Complaint by reference, as if more fully set forth herein.

23. By reason of the said tortious conduct of the Defendant's decedent, resulting in fatal injuries to and the death of the decedent, KRISTINA SUE ADAMS, Plaintiffs claim damages of the Defendant for and on behalf of the next of kin of the decedent, as follows:

(a)  For loss of services, support and contributions which decedent had provided and made, and which decedent would have provided and made during the remainder of decedent's natural life, which services, support, and contributions would have continued until the

termination of decedent's natural life but for the
aforesaid tortious conduct;

(b)   For loss of decedent's society, companionship, comfort
and guidance, which the decedent had provided and which
decedent would have continued to provide during the
remainder of decedent's natural life, but for the
aforesaid tortious conduct;

(c)   For funeral and burial expenses;

(d)   For expenses incident to the last illness and death of
Plaintiff's decedent;

(e)   For expenses of Administration; and

(f)   For other losses and expenses caused by said tortious
conduct.

WHEREFORE, Plaintiffs CINDY ADAMS and WILLIAM KARL ADAMS
demand judgment against SHAWN EZRAPOUR, as Administrator of the
ESTATE OF RODNEY EZRAPOUR, Deceased, for the full amount of
damages as aforesaid in an amount in excess of $40,000.00,
together with punitive damages, all costs, disbursements, and all
other relief deemed just and proper by the Court.

COUNT II

EMILY WOOD AND DENISE WOOD, AS CO-EXECUTORS OF THE
ESTATE OF KRISTINA SUE ADAMS v. SHAWN EZRAPOUR,
AS EXECUTOR OF THE ESTATE OF RODNEY EZRAPOUR

24. Plaintiffs hereby incorporate the foregoing paragraphs of this Complaint by reference, as if more fully set forth herein.

25. By reason of the aforesaid tortious conduct of the Defendant, resulting in fatal injuries to and the death of the decedent, KRISTINA SUE ADAMS, Plaintiff's decedent suffered the following injuries and damages which survive her death and inure to Plaintiff ESTATE:

(a) Physical and mental anguish and pain, suffering and inconvenience from the time of injury until death;

(b) Shock and injury to her nerves and nervous system, and emotional distress including her knowledge and anticipation of her imminent death from the time of injury until her death;

(c) Deprivation of the ordinary pleasures of life for the remainder of her natural and expected life; and

(d) Lost earnings from the date of injury for the balance of the decedent's natural and expected life, less personal maintenance and lost contributions awarded under the wrongful death claim.

WHEREFORE, Plaintiffs EMILY WOOD and DENISE WOOD, CO-EXECUTORS OF THE ESTATE OF KRISTINA SUE ADAMS demand judgment

against SHAWN EZRAPOUR, Administrator of the ESTATE OF RODNEY EZRAPOUR, for the full amount of damages as aforesaid in an amount in excess of $40,000.00, together with punitive damages, all costs, disbursements, and all other relief deemed just and proper by the Court.

### COUNT III

#### CINDY ADAMS AND WILLIAM KARL ADAMS v. SHAWN EZRAPOUR, AS EXECUTOR OF THE ESTATE OF RODNEY EZRAPOUR

26. Plaintiffs hereby incorporate the foregoing paragraphs of this Complaint by reference, as if more fully set forth herein.

27. Defendant's decedent's actions in intentionally and/or recklessly shooting and killing KRISTINA SUE ADAMS were extreme and outrageous.

28. Defendant's decedent's actions in intentionally shooting and killing KRISTINA SUE ADAMS have caused the Plaintiffs CINDY ADAMS and WILLIAM KARL ADAMS severe emotional distress.

WHEREFORE, Plaintiffs CINDY ADAMS and WILLIAM KARL ADAMS demand judgment against SHAWN EZRAPOUR, as Administrator of the ESTATE OF RODNEY EZRAPOUR, Deceased, for the full amount of damages as aforesaid in an amount in excess of $40,000.00, together with punitive damages, all costs, disbursements, and all other relief deemed just and proper by the Court.

COUNT IV

TOBY JOHANNES v. SHAWN EZRAPOUR, AS
EXECUTOR OF THE ESTATE OF RODNEY EZRAPOUR

29. Plaintiffs hereby incorporate the foregoing paragraphs
of this Complaint by reference, as if more fully set forth
herein.

30. The actions of Defendant's decedent leading to the
resulting injuries and damages to Plaintiff JOHANNES were as
follows:

(a)  Endangering Plaintiff JOHANNES in a reckless manner,
     with conscious disregard for his life and safety by
     discharging a shotgun in his presence;

(b)  Recklessly, negligently, and/or carelessly carrying out
     the act of shooting KRISTINA SUE ADAMS; and

(c)  Endangering Plaintiff JOHANNES in a negligent and/or
     careless manner, while discharging a shotgun within the
     subject residence.

WHEREFORE, Plaintiff TOBY JOHANNES demands judgment against
SHAWN EZRAPOUR, Administrator of the ESTATE OF RODNEY EZRAPOUR,
for the full amount of damages as aforesaid in an amount in
excess of $40,000.00, together with punitive damages, all costs,
disbursements, and all other relief deemed just and proper by the
Court.

Respectfully Submitted,

LAW OFFICE OF CHARLES KANNEBECKER

Jason R. Ohliger, Esquire
104 West High Street
Milford, PA 18337
(570) 296-6471
Attorney for Plaintiffs Emily Wood and
Denise Wood, as co-executors of the
Estate of Kristina Sue Adams, Cindy
Adams and William Karl Adams

HOWELL, HOWELL & KRAUSE

Alfred Howell, Esq.
Foster Building
Honesdale, PA 18431
(570) 253-2520
Attorney for Plaintiff Toby Johannes

<u>VERIFICATION</u>

I, EMILY WOOD, certify that I have read the foregoing Complaint and that the facts contained therein are true and correct to the best of my knowledge, information and belief.

I understand that statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

Dated: 4/15/13

_____
Emily Wood

<u>VERIFICATION</u>

I, DENISE WOOD, certify that I have read the foregoing Complaint and that the facts contained therein are true and correct to the best of my knowledge, information and belief.

I understand that statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.


Dated: 4/15/2013

Denise Wood

CERTIFIED FROM
THE RECORD

Denise Fitzpatrick
Prothonotary and Clerk